IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

GAIL S. MROCZKA, Individually and :
as Personal Representative of the Estate of
MIRIAM G. RAPPOPORT, Deceased :
7064 Long View Road
Columbia, Maryland 21044 :

and                                                         : Civil Action No. 13-C-108231

SHERRY CHAPLES, Individually and as :
daughter of MIRIAM G. RAPPOPORT, Deceased
7453 Long Pine Drive                        :

Springfield, VA 22151
                                                        :
    v.
                                                        :
KAZ USA, INC.
250 Turnpike Road                            :
Southborough, MA 01772
                                                        :
SERVE:
        CT Corporation System      :
        155 Federal Street, Suite 700
        Boston, MA 02110                    :

    and                                                 :

KAZ CANADA, INC.                         :
250 Turnpike Road
Southborough, MA 01772           :

SERVE:
        CT Corporation System      :
        155 Federal Street, Suite 700
        Boston, MA 02110                    :

    and                                                 :

KAZ, INCORPORATED
250 Turnpike Road                            :

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

- 1 -

Southborough, MA 01772

SERVE:
    CT Corporation System
    155 Federal Street, Suite 700
    Boston, MA 02110

    and

KAZ, INC.
250 Turnpike Road
Southborough, MA 01772

SERVE:
    CT Corporation System
    155 Federal Street, Suite 700
    Boston, MA 02110

    Defendants.

## COMPLAINT FOR DAMAGES
(Product Liability; Breach of Implied Warranty of Merchantability; Negligence — Defective Design, Defective Manufacture, Failure to Warn; Willful and Wanton Conduct; Breach of Implied Warranty of Fitness for a Particular Purpose; Punitive Damages: Wrongful Death; Survival Action)

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under the State of Maryland Court and Judicial Proceedings Article, § 6-103, et seq.

2. Venue is appropriate in this Court since the negligent acts and/or omissions and/or the injuries stemming from such negligence complained of occurred in Howard County.

## PARTIES

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

3.      Decedent Miriam G. Rappoport was, at all times relevant herein, an adult resident of the Sunrise Senior Living facility located at 6500 Freetown Road, Columbia, Maryland.

4.      Plaintiff Gail S. Mroczka is the daughter and personal representative of the Estate of Miriam G. Rappoport and resides at 7064 Long View Road in Columbia, Maryland.

5.      Plaintiff Sherry Chaples is the daughter of the decedent Miriam G. Rappoport and resides at 7453 Long Pine Drive, Springfield, Virginia.

6.      Upon information and belief, and at all relevant times herein, Defendants Kaz USA, Inc., Kaz Canada, Inc., Kaz, Incorporated and Kaz, Inc., (hereinafter collectively referred to as "Kaz") were and are corporations licensed in the Commonwealth of Massachusetts, conducted business in the State of Maryland and designed, manufactured, inspected, marketed, distributed, sold and warranted the heating pad at issue in this case.

7.      Upon information and belief, prior to February 13, 2007, Defendant Kaz designed, manufactured, inspected, marketed, distributed, sold and warranted to the general public throughout the United States and the State of Maryland and placed in the stream of commerce, heating pads, known as Kaz heating pads, including the heating pad in question.

**FACTS**

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

8. On or about February 13, 2007, at approximately 6:00 p.m., Decedent Miriam G. Rappoport was in her Apartment #220 on the second floor of the Sunrise Senior Living facility at 6500 Freetown Road, Columbia, Maryland.

9. At all relevant times herein, Miriam Rappoport was eighty-five (85) years old and suffered from post polio syndrome. Ms. Rappoport's condition caused her to lose a large amount of strength in her arms and legs. Ms. Rappoport's condition was deteriorating and it made it extremely difficult, if not impossible, for her to perform activities of daily living, including but not excluding, walking, standing and otherwise ambulating without assistance.

10. Decedent Rappoport was in a reclining chair using an electric heating pad produced, designed, manufactured and sold by Defendant Kaz, believed to be the Dunlap Standard model.

11. Defendant Kaz's electric heating pad used by Decedent Rappoport caught fire and caused the room to fill with smoke. Defendant Kaz's heating pad overheated and caught fire due to numerous defects. The defects in Decedent's heating pad related to, among other things, the ineffectiveness of the thermal switches, the broken nature of the thermal switches, the incorrect location of the thermal switches, the failure of the thermal switches to shut off the pad when it reached dangerously high temperatures that caused the fire, the failure to use sufficient materials and manufacture the product to prevent arcing, overheating of connections, and overheating of wires, or otherwise and the overall failure of the heating pad's components to protect against overheating.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

12. During this fire, Ms. Rappoport was trapped in her reclining chair due to her medical condition and age.

13. Decedent Rappoport did not receive any emergency assistance or treatment until Emergency Medical Services personnel arrived on the scene.

14. Decedent Rappoport was transported to Howard County General Hospital in extreme agony with severe burns to over 70% of her body.

15. Thereafter, Decedent was transferred to Johns Hopkins Bayview Burn Center where she died in the morning hours of February 14, 2007, due to her burn injuries.

### COUNT I
### (Product Liability)

16. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 15 above, and further state that at all times relevant herein, Defendant Kaz manufactured, designed and/or sold the heating pad which Decedent was using at the time of her injury.

17. Plaintiffs further allege that when Decedent was injured, she was using the heating pad in an intended and reasonably foreseeable manner.

18. Plaintiffs further allege that an ordinary customer would expect the heating pad not to catch on fire and harm Decedent.

19. Plaintiffs further allege that Defendant was in the business of selling the heating pad which caused Decedent's injuries and untimely death.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

20. Plaintiffs further allege that the heating pad was defective when Defendant sold it or otherwise put it into the stream of commerce.

21. Plaintiffs further allege that the heating pad was not substantially changed before it reached the Decedent.

22. Plaintiffs further allege that the heating pad's defects were the direct and proximate cause of the Decedent's injuries and untimely death.

23. Plaintiffs allege that as a direct and proximate result of the Defendant's defective product, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

24. Plaintiffs further allege that as a direct and proximate result of the Defendant's defective product, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

### COUNT II
### (Breach of Implied Warranty of Merchantibility – All Defendants)

25. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 24 above, and further alleges that Defendant's heating pad was unfit for the ordinary purposes for which it was used, i.e., to warm an individual's body.

26. Plaintiffs further allege that Defendant was a merchant in the market for heating pads.

27. Plaintiffs allege that as a direct and proximate result of the Defendant's defective product, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

28.     Plaintiffs further allege that as a direct and proximate result of the Defendant's defective product, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

## COUNT III
### (Negligence — Design Defect, Manufacturing Defect, Failure to Warn)

29.     Plaintiffs hereby incorporate, by reference, paragraphs 1 through 28 and further alleges that Defendant owed a duty of reasonable care to Decedent and foreseeable users of the heating pad at issue with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising, sale and warranty of the product.

30.     Plaintiffs further allege that Defendant further owed to Decedent, and other foreseeable users of Defendant's heating pad, a duty to warn and/or adequately advise them of any deficiencies associated with the heating pad, and that said duty existed both at the time of sale and at all times leading up to the incident which forms the basis of this Complaint.

31.     Plaintiffs further allege that Defendant knew or should have known that the aforementioned defect(s) created an unreasonable risk of harm to the purchaser and users of the heating pad, and should have warned of such.

32.     Plaintiffs further allege that Defendant breached said duties in that Decedent's heating pad was unreasonably dangerous and defective in design and/or manufacture at the time it left Defendant's control, and Defendant failed to warn of such

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

or fix such matter. The defects in Decedent's heating pad related to, among other things, the ineffectiveness of the thermal switches, the broken nature of the thermal switches, the incorrect location of the thermal switches, the failure of the thermal switches to shut off the pad when it reached dangerously high temperatures that caused the fire, the failure to use sufficient wires in the product to avoid arcing, the failure to construct the pad in a manner that prevents overheating from arcing or otherwise and the overall failure of the heating pad's components to protect against overheating.

33. As direct and approximate result of Defendant's aforesaid negligent acts and/or omissions, the heating pad at issue malfunctioned on February 13, 2007.

34. As a further direct and proximate result of Defendants' negligence, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

35. Plaintiffs further allege that as a direct and proximate result of the Defendant's negligence, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

### COUNT IV
### (Gross Negligence; Willful and Wanton Conduct)

36. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 35 and further alleges that Defendant owed to Decedent, and other foreseeable users of the heating pad at issue, a duty to design, manufacture, assemble, test, label, distribute, market, advertise, sell and warrant the product in a manner that was not grossly, or willfully and wantonly, negligent, i.e., Defendant had a duty to avoid acting consciously

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

in disregard of another person's rights or with a reckless indifference to the consequences to another person, while being aware of their conduct and also aware, from knowledge of existing circumstances and conditions, that said conduct could result in injury to others, including Decedent.

37. Plaintiffs further allege that Defendant further owed to Decedent and other foreseeable users of Defendant's heating pad a duty to warn and/or advise them, in a manner that was not grossly, or willfully and wantonly negligent, of any deficiencies associated with the heating pad, and that said duty existed both at the time of sale and at all times leading up to the accident which forms the basis of this Complaint.

38. Plaintiffs further allege that Defendant knew or should have known that the aforementioned defect(s) created an unreasonable and/or gross and/or willful and wanton risk of harm to the purchaser and users of the mask.

39. Plaintiffs further allege that Defendant breached said duties in that Decedent's hating pad was unreasonably dangerous and defective in design and/or manufacture at the time it left Defendant's control, and Defendant failed to warn of such defect or fix such defect.

40. As direct and approximate result of Defendant's aforesaid gross negligence the heating pad at issue malfunctioned on February 13, 2007.

41. As a further direct and proximate result of Defendant's gross negligence and/or willful and wanton acts and/or omissions, Decedent Rappoport suffered

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-483-3030

significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

42. Plaintiffs further allege that as a direct and proximate result of the Defendant's gross negligence, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

### COUNT V
### (Breach of Express Warranty: All Defendants)

43. Plaintiffs incorporate, by reference, paragraphs 1 through 42 and further state as follows:

44. Plaintiffs further allege that Defendant and their agents, including retailers, expressly warranted via their marketing, advertisements, warranties, sales literature, owners manuals, and other representations that their product(s) and in particular the heating pad at issue was fit for the purpose for which it was intended, namely to warm an individual's body.

45. Plaintiffs further allege that Defendant breached said express warranties by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s), as described in detail above.

46. As a direct and proximate result of Defendants' breach of warranty, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

47. Plaintiffs further allege that as a direct and proximate result of the Defendant's breach of warranty, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

## COUNT VI
### (Breach of Warranty & Implied Warranty of Fitness for Particular Purpose)

48. Plaintiffs incorporate, by reference, paragraphs 1 through 47 and further allege that Defendant had a duty pursuant to express and implied warranty(ies) of fitness for particular purpose.

49. Plaintiffs further allege that Defendant had reason to know of the particular needs of Decedent because those needs were communicated and specified to Defendant and/or employees and/or agents and/or representatives and/or authorized dealers of Defendant, and that this knowledge was known at the time of the purchase of the heating pad and thereafter. By reason of such knowledge, there was, or were, implied warranty(ies) that Decedent's heating pad was fit for the particular purpose(s) of allowing Decedent to warm her body, and constituted part of the bargain between the parties. Defendant had reason to know that Decedent was relying upon Defendant's superior knowledge, skill and judgment in selecting a proper heating pad for her.

50. Plaintiffs further allege that by failing to manufacture the heating pad to ensure its proper operation, Defendant breached said implied warranty(ies) by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended and/or known and/or specified use(s).

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

51.   Plaintiffs further allege that Decedent is in the class of persons who are/were reasonably expected to use, consume, or be affected by the heating pad at issue.

52.   As a direct and proximate result of Defendant's breach of warranty, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

53.   Plaintiffs further allege that as a direct and proximate result of the Defendant's breach of warrranty, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

### COUNT VII
### (Punitive Damages)

54.   Plaintiffs incorporate, by reference, paragraphs 1 through 53 and further alleges that Defendant acted with actual malice toward Decedent or acted under circumstances amounting to a willful and wanton disregard of Decedent's rights, such that an award of punitive damages to Plaintiffs to punish Defendant for their actions and to serve as example to prevent others from acting in a similar way, is appropriate here, especially because the acts necessary for Defendant to have designed and/or manufactured the heating pad in a safe fashion, and/or inspected and/or fixed the heating pad, and/or to have otherwise remedied the dangers attendant to the heating pad's then-existing condition, and/or to have provided a warning to Decedent of said dangers, could have been accomplished at minimal cost to Defendant. All of the acts and/or omissions giving rise to the liability of Defendant were done by Defendant,

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 12 -

and/or at the behest of Defendant, and/or on behalf of Defendant, and/or were ratified by Defendant and/or the appropriate corporate employees, officers and/or representatives of Defendant.

55. As a direct and proximate result of Defendant's conduct, Decedent Rappoport suffered significant and severe physical injuries, including catastrophic burns which resulted in her untimely death.

56. Plaintiffs further allege that as a direct and proximate result of the Defendant's conduct, Decedent Rappoport endured severe physical pain and suffering, discomfort, mental anguish and other damages prior to her death.

## COUNT VIII
### (Wrongful Death)

57. Plaintiffs hereby incorporate, by reference, the allegations made in paragraphs 1 through 56, as fully set forth herein.

58. Plaintiffs allege that as a direct and proximate result of the negligent acts and/or omissions of the Defendant, the next of kin of the Decedent, including but not excluding Plaintiffs Gail Mroczka and Sherry Chaples, incurred burial expenses, lost the pecuniary value of services expected to be performed by the Decedent and lost any and all damages recoverable under the Maryland Wrongful Death Statute.

59. Plaintiffs further allege that as a direct and proximate result of the negligent acts and/or omissions of the Defendant, the next of kin have endured and will continue to endure significant mental anguish, emotional pain and suffering, loss of society, companionship, comfort and attention.

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT IX
### (Survival Act)

60. Plaintiffs hereby incorporate, by reference, the allegations set forth in paragraphs 1 through 59, as though fully set forth herein.

61. The Decedent's right of action for wrongful death and negligent conduct against the Defendant survives in favor of Gail S. Mroczka, as the Personal Representative of the Estate of the Decedent.

62. As a result of the Defendant's wrongful and negligent conduct, the Decedent experienced severe and conscious pain, suffering and mental anguish during the final days of her life.

63. In addition, the Decedent's estate incurred expenses for medical care and treatment from the time of the negligence to the time of death, plus funeral expenses and any and all economic and non-economic damages recoverable under applicable Maryland law.

WHEREFORE, Plaintiffs Sherry Chaples, Individually, and Gail Mroczka, Individually, and as Personal Representative of the Estate of Miriam Rappoport, demand judgment in compensatory damages against Defendant in the full and just amount of Five Million Dollars ($5,000,000.00), plus interest and costs.

WHEREFORE, Plaintiffs Sherry Chaples, Individually, and Gail Mroczka, Individually, and as Personal Representative of the Estate of Miriam Rappoport,

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

demand judgment in exemplary damages against Defendant in the full and just amount of Five Million Dollars ($5,000,000.00), plus interest and costs.

### JURY TRIAL DEMAND

Plaintiffs request a trial by jury on all of the above claims.

                                Respectfully submitted,

                                REGAN ZAMBRI & LONG, PLLC

By: *Salvatore Zambri* (signature)
Salvatore J. Zambri, Esquire
szambri@reganfirm.com
Paul Cornoni, Esquire
pcornoni@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, DC 20036
PH: (202) 463-3030
Fx: (202) 463-0667
*Attorneys for Plaintiffs*

Regan,
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 15 -